# CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-05384-JSK (GJSx) | Date | June 21, 2019 |
|---|---|---|---|
| Title | Jenny Stabile v. David Dadon, et al. | | |

| Present: | Hon. Gail J. Standish, United States Magistrate Judge | |
|---|---|---|
| E. Carson | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| None present | | None present |

**Proceedings:** (IN CHAMBERS) ORDER TO SHOW CAUSE RE: SANCTIONS

The Court is in receipt of a Notice of Removal filed by Defendant David Dadon on June 20, 2019 [Dkt. 1, "Notice"]. By the Notice, Dadon purports to remove an unlawful detainer action pending in the Los Angeles Superior Court, Case No. 18VEUD0848 (the "Unlawful Detainer Action"). For the following reasons, the Court ORDERS Dadon to SHOW CAUSE why he should not be sanctioned in the amount of $500 based on the filing of the Notice.

The Notice is duplicative of a previous notice of removal filed by Dadon in Case No. 2:19-cv-04604-PSG (JCx) (the "Prior Removal Action"). In the Prior Removal Action, Dadon filed an identical Notice of Removal on May 28, 2019, which purported to remove the Unlawful Detainer Action.[1] [Prior Removal Action, Dkt. 1.] On June 6, 2019, United States District Judge Philip S. Gutierrez remanded the Prior Removal Action to the Los Angeles County Superior Court, after expressly advising Dadon that: he had not overcome the strong presumption that the Court lacked jurisdiction over the purely state law Unlawful Detainer Action; the state court records indicated that the Unlawful Detainer Action could not have been filed originally in federal court; the Notice of

---

[1] The only difference between the Notice of Removal filed in the Prior Removal Action and the instant Notice is that the former attached a copy of the Complaint in the Unlawful Detainer Action and the instant Notice failed to do to do so, instead attaching a copy of a Notice of Ruling filed by the Plaintiff, which indicates that the Unlawful Detainer Action is set for trial on June 24, 2019.

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-05384-JSK (GJSx) | Date | June 21, 2019 |
|---|---|---|---|
| Title | Jenny Stabile v. David Dadon, et al. | | |

Removal did not plausibly support finding diversity or federal question jurisdiction to exist; and removal may not be based on asserted or anticipated defenses to be raised by a defendant. [Prior Removal Action, Dkt. 6.]

In derogation of, and in disregard for, District Judge Gutierrez's June 6, 2019 Order, Dadon has re-filed an identical Notice of Removal – the same pleading that District Judge Gutierrez already had been found constituted an improper attempt at removal. Dadon's attachment of a June 11, 2019 Notice of Ruling changes nothing and plainly does not provide any basis for finding that federal jurisdiction exists with respect to the Unlawful Detainer Action; it does not. Given the express advice given to Dadon about the impropriety of his prior attempt to remove the Unlawful Detainer Action and the timing of the instant Notice just two business days before the trial of the Unlawful Detainer Action is scheduled to commence, the strong inference exists that Dadon filed the Notice solely for the purpose of delaying the Unlawful Detainer Action trial and not out of any legitimate belief that this state case actually is removable.

Under 28 U.S.C. § 1446(a), a notice of removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. Under Rule 11(b) of the Federal Rules of Civil Procedure, by presenting the signed Notice to this District Court, Dadon certified that: it was not being presented for any improper purpose, such as to cause unnecessary delay; the Notice and all legal contentions therein are warranted by existing law; and his factual contentions have evidentiary support. It is plain that Dadon has violated Rule 11(b) in numerous respects.

First, Dadon states that the Unlawful Detainer Action is founded on a claim or right arising under the laws of the United States, namely, under 42 U.S.C. § 1981. (Notice at 2.) Dadon asserts that plaintiff's claim in the Unlawful Detainer action "is a federal question arising under" Section 1981. (*Id.*) This assertion is clearly false. The Complaint in the Unlawful Detainer Action[2] is a simple form unlawful detainer

---

[2] Although Dadon states (Notice at 2) that he has attached as Exhibit A to the Notice "all Case process, pleading and orders served upon" him, that representation is untrue, as Dadon did not attach the Unlawful Detainer Action Complaint to the Notice. Accordingly, pursuant to Fed. R. Evid.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-05384-JSK (GJSx) | Date | June 21, 2019 |
|---|---|---|---|
| Title | Jenny Stabile v. David Dadon, et al. | | |

complaint that asserts a limited civil case claim under California unlawful detainer law. It does not state or even hint at *any* federal issue or claim, and involves only state law issues. Dadon's statement that it does is plainly insupportable and false.

Second, in an apparent attempt to manufacture diversity jurisdiction, Dadon states that the damages sought in the Unlawful Detainer Action "exceed $75,000." (Notice at 2.) Again, this is plainly false. The Unlawful Detainer Action Complaint explicitly states that the amount demanded "does not exceed $10,000."

Third, Dadon states that the Notice is "timely filed." (Notice at 3.) Under 28 U.S.C. § 1446(b), Dadon was required to file any notice of removal within 30 days after he was served with the Complaint. The Prior Removal Action was filed on May 28, 2019, and thus, Dadon had to have been served with the Unlawful Detainer Action Complaint prior to then. Given that the Unlawful Detainer Action was instituted on November 21, 2018, Dadon's institution of the Prior Removal Action 24 days ago, and the fact that the Unlawful Detainer Action is set for a June 24, 2019 trial, it is highly unlikely, if not implausible, that Dadon was not served with the Unlawful Detainer Action complaint until May 21, 2019, or later.

The Court has the inherent power to control the cases before it. *See, e.g., Landis v. North American Co.*, 57 S. Ct. 163, 166 (1936). Dadon has improperly re-filed a notice of removal that he already has been told was improper and should not have been filed. For that reason alone, sanctions appear to be warranted. In addition, in the process of doing so, Dadon plainly has violated Rule 11(b), as set forth above. Accordingly, pursuant to the Court's inherent powers and Rule 11(c) of the Federal Rules of Civil Procedure, Dadon is ORDERED TO SHOW CAUSE why he should not sanctioned, in the amount of $500, for the conduct described herein. **By no later than June 27, 2019**, Dadon shall file a Response to this Order To Show Cause explaining why his conduct should not result in the imposition of monetary or other sanctions.

---

201, the Court has taken judicial notice of the copy of the Unlawful Detainer Action Complaint attached to the notice of removal filed in the Prior Removal Action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-05384-JSK (GJSx) | Date | June 21, 2019 |
|---|---|---|---|
| Title | Jenny Stabile v. David Dadon, et al. | | |

**Dadon is cautioned that the failure to timely comply with this Order to Show Cause will be deemed to constitute a concession on his part that he has violated Rule 11(b) and that sanctions are warranted.**

**IT IS SO ORDERED.**